Marc Van Der Hout (California Bar # 80778)
Stacey L. Gartland (California Bar #184694)
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiff
Haiqi CHEN

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Haiqi CHEN<br><br>Plaintiff,<br><br>v.<br><br>United States Citizenship and Immigration Services ("USCIS"); Department of Homeland Security ("DHS"); Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI")<br><br>Defendants. | Case No. C 07 2462 EMC<br><br>**Petition for Writ of Mandamus**<br><br>Immigration Case, Administrative Procedure Act Case<br><br>Agency No.: A97 346 394 |

## INTRODUCTION

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act.

2. This action seeks to compel the Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), to adjudicate in an expedited manner the Application to Adjust Status (Form I-485) ("AOS application") that Plaintiff Haiqi Chen ("Chen") filed with the USCIS California Service Center on July 3, 2003.

3. Chen is a national of China and a citizen of Canada. See Declaration of Stacey L. Gartland in Support of Petition for Writ of Mandamus ("Gartland Dec.") at ¶ 2. He earned a Ph.D. degree in Astrophysics from the University of Western Ontario in Canada and has been employed as a senior level project leader at @Road, Inc. in Fremont, California since January 2000. Id. @Road is a wholly-owned subsidiary of Trimble, a leading provider of Global Positioning System ("GPS") technology with more than 3,400 employees worldwide.

4. On July 3, 2003, Chen filed an employment-based adjustment of status application with the USCIS California Service Center. Id. at Exhibit ("Exh.") A. That application has now been pending for over three years and eight months. Id. at Exh. G. Chen has complied with all security investigations requested of him, and has maintained legal non-immigrant status during the whole time he has been in the United States. Id. at ¶ 2. Despite repeated inquiries from Chen, the agency has still not adjudicated his application for permanent residency. Id. at Exh. B.

5. According to the USCIS website as of March 15, 2007, the agency is currently processing employment-based adjustment of status applications received on or before August

Petition for Writ of Mandamus                  1                            No. _____

10, 2006. Id. at Exh. G. This shows that Chen's application is now more than three years behind normal processing time.

6. The delay in processing Chen's application is unreasonable and unlawful. Thus, he files this writ for mandamus action.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361. the mandamus statute: 28 U.S.C. § 2201. the Declaratory Judgment Act: 28 U.S.C. § 1331. general federal question jurisdiction; and 5 U.S.C. § 702. the Administrative Procedure Act ("APA").

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are agencies of the United States. and because Chen resides in the Northern District of California. and there is no real property involved in this action. Therefore. venue is proper in this district.

9. Intradistrict Assignment: This action should be assigned to the Oakland Division because Plaintiff Chen resides in that division. See Local Rules 3-2(c), (d).

## PARTIES

10. Plaintiff CHEN is a national of China and a citizen of Canada who resides in Pleasanton, California. within the jurisdiction of this Court. He earned a Ph.D. degree in Astrophysics from the University of Western Ontario in Canada and has been employed as a senior level project leader at @Road in Fremont, California since January 2000. He is the beneficiary of an approved Immigrant Petition for Alien Worker (Form I-140), which classified him as a member of the professions with an advanced degree, pursuant to 8 U.S.C. § 1153(b). He has remained in legal status throughout the time he has been in the United States and has fully complied with all security requirements.

11. Defendant United States Citizenship and Immigration Services ("USCIS") is responsible for adjudicating Adjustment of Status applications (Form I-485). See 8 C.F.R. §§ 2.1; 103.1.

12. Defendant Department of Homeland Security ("DHS") is responsible for the administration and enforcement of the immigration and naturalization laws, pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stats. 2135 (Nov. 25, 2002). See 8 U.S.C. § 1103.

13. Defendant Department of Justice ("DOJ") is responsible for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1105(b) and 1103(g).

14. Defendant Federal Bureau of Investigation ("FBI") is responsible for maintaining and providing access to criminal history information.

## FACTUAL ALLEGATIONS

15. Plaintiff Chen brings this action to compel USCIS to adjudicate Chen's Adjustment of Status application (Form I-485), which was filed with the USCIS California Service Center on July 3, 2003 and is now pending at the USCIS Nebraska Service Center.

16. Chen is a national of China and a citizen of Canada. Gartland Dec. at ¶ 2. He earned his Bachelor of Science degree in Physics from the University of Science and Technology of China in Hefei, China, his Masters of Science degree in Astrophysics from the Beijing Astronomical Observatory in Beijing, China, and his Ph.D. in Astrophysics from the University of Western Ontario in Ontario, Canada. Id. Chen has worked as a senior level technology project leader for @Road, Inc. in Fremont, California since January 2000. Id.

17. On July 3, 2003, Chen filed an employment-based Adjustment of Status application with the USCIS California Service Center, based on a previously approved Immigrant Petition for Alien Worker (Form I-140) by @Road, classifying him as a member of

the professions with an advanced degree. Id. at Exh. A. The I-140 Immigrant Petition was approved by the USCIS California Service Center on June 16, 2003. Id.

18. On November 2, 2004, Chen, through counsel, contacted the USCIS California Service Center via electronic mail to inquire about the status of his adjustment of status application. Id. at Exh. B. Chen did not receive a response to this first inquiry. Id.

19. On November 17, 2004, Chen, through counsel, again contacted the USCIS California Service Center via electronic mail to inquire about the status of his adjustment of status application. Id. On December 15, 2004, Chen received a response to this inquiry from Kathleen Bergey, California Service Center Adjudications Officer, stating that Chen's case was undergoing a detailed review. Id.

20. On June 14, 2005, almost two years after Chen had filed his adjustment of status application, Chen, through counsel, again contacted the USCIS California Service Center via electronic mail as to inquire about the status of his application. Id. Chen did not receive a response to this inquiry. Id.

21. On July 13, 2005, Chen, through counsel, contacted the USCIS California Service Center via electronic mail for a fourth time to inquire as to the status of his adjustment of status application. Id. Chen did not receive a response to this inquiry either. Id.

22. On December 12, 2005, Chen mailed a letter to United States Senator Barbara Boxer to ask for help to determine the status of his background security check. Id. at Exh. C.

23. On February 10, 2006, Chen called the USCIS National Customer Service Center to inquire about the status of his adjustment of status application. Id. at Exh. D. On March 7, 2006, Chen received a letter from the USCIS California Service Center stating that the processing of his case has been delayed, as the required investigation into his background remains open. Id.

24. On September 25, 2006, Chen, through counsel, contacted the USCIS California Service Center yet again via electronic mail to inquire as the status of his adjustment of status application. Id. at Exh. B. On September 26, 2006, T. Le of the USCIS California Service Center confirmed by email that Chen's FBI background security check had yet to be cleared, and that until it is cleared, Chen's adjustment of status application will not be adjudicated. Id.

25. On June 8, 2006, Chen contacted United States Congressman Pete Stark to ask for assistance in determining the status of his background security check. Id. at Exh. E. On August 16, 2006, Chen received a reply letter from Congressman Stark, stating that according to the FBI, Chen's name check was still pending. Id.

26. On September 6, 2006, Chen contacted United States Senator Diane Feinstein to ask for help in expediting the completion of his background security check. Id. at Exh. F. On December 8, 2006, Chen received a response from Senator Feinstein's office, stating that Chen's FBI name check was still pending. Id.

27. The USCIS website shows that as of March 15, 2007, the agency is currently processing employment-based adjustment of status applications received on or before August 10, 2006. Id. at Exh. G. This shows that Chen's application is now more than three years behind normal processing time. Id.

28. Chen has exhausted all available administrative remedies.

## CAUSE OF ACTION

### (VIOLATION OF IMMIGRATION AND NATIONALITY ACT AND ADMINISTRATIVE PROCEDURES ACT)

29. Paragraphs 1 through 28 are incorporated herein.

30. Any employer desiring and intending to employ within the United States an alien entitled to classification under inter alia, 8 U.S.C. § 1153(b)(2) may file a petition with the Attorney General for such classification. See 8 C.F.R. § 1154(a)(1)(F). Thereafter, if it is

determined that the facts stated in the petition are true and that the alien on behalf of whom the petition is filed is eligible for a visa under 8 U.S.C. § 1153(b), the Attorney General shall approve the visa petition. See 8 U.S.C. §1154(b). An alien who is eligible to receive, inter alia, an employment-based immigrant visa under 8 U.S.C. § 1153(b) may adjust her or his status from nonimmigrant to lawful permanent resident. 8 U.S.C. § 1255(k).

31. Chen is eligible for adjustment of status as he has an already approved employment-based visa petition, pursuant to 8 U.S.C. § 1255(k).

32. Chen filed an adjustment of status application with the USCIS California Service Center on July 3, 2003. Over three years and eight months after the application was originally filed, it has still not yet been adjudicated.

33. The USCIS is currently processing adjustment of status applications that were submitted on or before August 10, 2006. Chen's application is therefore over three years behind normal processing time.

34. Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. See Donovan v. United States, 580 F.2d 1203, 1208 (3d Cir. 1978).

35. Defendants have a duty to act and have failed to do so in a reasonable time or manner. See, e.g., Patel v. Reno, 134 F.3d 929 (9th Cir. 1997). They have failed to adjudicate Chen's adjustment of status application. Defendants have thus violated the Immigration and Nationality Act.

36. In addition, Defendants have violated the Administrative Procedures Act, which provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

37. Chen has exhausted all other available remedies. He has "no other adequate means to attain the relief [they] desire[]." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). His right to issuance of the writ is therefore "clear and indisputable." Id.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chen prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order that USCIS adjudicate Plaintiff Chen's Application to Adjust Status (Form I-485);

(3) Award reasonable costs and attorneys' fees; and

(4) Grant such further relief as the Court deems just and proper.

Dated: May 8, 2007

Respectfully submitted,

Marc Van Der Hout
Stacey L. Gartland
Beth Feinberg
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiffs

By: /s/ Stacey L. Gartland
Stacey L. Gartland