Marc Van Der Hout (California Bar # 80778)
Stacey L. Gartland (California Bar #184694
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone:  (415) 981-3000
Facsimile:  (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiff
Haiqi CHEN

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Haiqi CHEN<br><br>    Plaintiff,<br><br>    v.<br><br>United States Citizenship and Immigration Services ("USCIS"); Department of Homeland Security ("DHS"); Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI")<br><br>    Defendants | Case No. C 07-2462 SC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Immigration Case, Administrative Procedure Act Case</u><br><br>Agency No.: A 97 346 394 |

The parties to the above-entitled action hereby submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

**DESCRIPTION OF THE CASE**

1. Jurisdiction and Service

Plaintiff asserts that this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA"). Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are agencies of the United States, and because Plaintiff Haiqi Chen ("Chen") resides in the Northern District of California, and there is no real property involved in this action. No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

2. Facts

There are no factual issues in dispute. A brief summary of the relevant facts is as follows: Chen is a national of China and a citizen of Canada. On July 3, 2003, Chen filed an employment-based Adjustment of Status application with the USCIS California Service Center, based on a previously approved Immigrant Petition for Alien Worker (Form I-140) by @Road, classifying him as a member of the professions with an advanced degree. The I-140 Immigrant Petition was approved by the USCIS California Service Center on June 16, 2003.

Chen has made approximately ten inquires with the USCIS California Service Center regarding the status of his adjustment of status application, which has now been pending for over four years. He has only been informed that his background name check still remains pending. Chen's adjustment of status application has been pending for over four years.

3.  Legal Issues

Defendants assert that the Court has no subject matter jurisdiction over this case. Assuming the Court has jurisdiction, Defendants assert that the delay in adjudicating Chen's application is reasonable. A brief summary of the relevant statutes, regulations, and caselaw is as follows: Any employer desiring and intending to employ within the United States an alien entitled to classification under inter alia, 8 U.S.C. § 1153(b)(2) may file a petition with the Attorney General for such classification. See 8 C.F.R. § 1154(a)(1)(F). Thereafter, if it is determined that the facts stated in the petition are true and that the alien on behalf of whom the petition is filed is eligible for a visa under 8 U.S.C. § 1153(b), the Attorney General shall approve the visa petition. See 8 U.S.C. §1154(b). An alien who is eligible to receive, inter alia, an employment-based immigrant visa under 8 U.S.C. § 1153(b) may adjust her or his status from nonimmigrant to lawful permanent resident. 8 U.S.C. § 1255(k).

Chen is eligible for adjustment of status as he has an already approved employment-based visa petition, pursuant to 8 U.S.C. § 1255(k). Chen filed an adjustment of status application with the USCIS California Service Center on July 3, 2003. Over four years later, it has still not yet been adjudicated. The USCIS is currently processing adjustment of status applications that were submitted on or before August 10, 2006.

Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. See Donovan v. United States, 580 F.2d 1203, 1208 (3d Cir. 1978). Plaintiff asserts that Defendants have a duty to act and have failed to do so in a reasonable time or manner. See, e.g., Patel v. Reno, 134 F.3d 929 (9th Cir. 1997). Plaintiff asserts that Defendants have thus violated the Immigration and Nationality Act and that Defendants have also violated the Administrative Procedures Act, which provides that a reviewing court shall compel agency action unlawfully withheld or

unreasonably delayed. 5 U.S.C. § 706(1). Plaintiff further asserts that he has exhausted all other available remedies and has "no other adequate means to attain the relief he desires." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Plaintiff thus asserts that his right to issuance of the writ is therefore "clear and indisputable." Id.

4. Motions

There are no prior or pending motions in this case. The parties anticipate that at least one Motion for Summary Judgment will be filed.

5. Amendment of Pleadings

At this time, the parties do not expect to amend the pleadings.

6. Evidence Preservation

It does not appear that any steps are necessary to preserve evidence at this time.

7. Disclosures

Defendants assert that they have no documents subject to the local rules relating to disclosure.

8. Discovery

No discovery has been taken to date. The parties anticipate that discovery will likely include, but is not limited to, interrogatories, requests for admission, and deposition in conformance with the discovery rules. The parties have agreed to a 60-day discovery cut-off date, such that all discovery will be completed by October 30, 2007.

9. Class Actions

This case is not a class action.

10. Related Cases

The parties know of know related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief

Chen requests that the Court order USCIS to adjudicate his Adjustment of Status Application (Form I-485), and award reasonable costs and attorneys' fees. Chen further requests that the Court grant such further relief as the Court deems just and proper.

12. Settlement and ADR

On July 25, 2007, the parties filed a joint request to be exempt from the formal alternative dispute resolution process, as both parties agree that ADR would not be helpful in this case.

13. Consent to Magistrate Judge For All Purposes

This case was originally assigned to Magistrate Judge Edward M. Chen. On July 9, 2007, Defendants filed a Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge. On July 10, 2007, this case was reassigned to the Honorable Samuel Conti.

14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The parties believe that this case can be resolved by summary judgment.

16. Expedited Schedule

The parties believe that this case can be resolved by summary judgment.

17. Scheduling

The parties have agreed to a 60-day discovery cut-off date, such that all discovery will be completed by October 30, 2007.

1    The parties have further agreed that this action may be properly disposed of by summary judgment and, therefore, do not request a trial date. The parties propose the following schedule for the motions for summary judgment:

> Parties' Cross Motions for Summary Judgment due: October 12, 2007
>
> Parties' Oppositions due: October 26, 2007
>
> Parties' Replies due: November 2, 2007
>
> Hearing on Cross Motions for Summary Judgment: November 16, 2007

18. Trial

If this case does proceed to trial, the case will be tried to the court. The expected length of trial is one day.

19. Disclosure of Non-Party Interested Entities or Persons

None.

20. There are no additional matters as may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: August 31, 2007                Respectfully submitted,

                                                                /s/
                                        STACEY L. GARTLAND[1]
                                        Van Der Hout, Brigagliano & Nightingale, LLP
                                        Attorneys for Petitioners

---

[1] I, Stacey L. Gartland, attest that both Edward A. Olsen and I have agreed to this joint case management statement.

|     |                                                                                  |
| --- | -------------------------------------------------------------------------------- |
| 1   |                                                                                  |
| 2   | _____<br>EDWARD A. OLSEN                             |
| 3   | Assistant United States Attorney<br>Attorneys for Respondents                    |
| 4   |                                                                                  |
| 5   | <u>CASE MANAGEMENT ORDER</u>                                                     |
| 6   | The Case Management Statement and Proposed Order are hereby adopted as the Case  |
| 7   | Management Order for the Case and the parties are hereby ordered to comply with this Order. |
| 8   |                                                                                  |
| 9   | DATED:                                                                           |
| 10  | _____<br>Samuel Conti<br>United States Judge         |