Marc Van Der Hout (California Bar # 80778)
Stacey L. Gartland (California Bar #184694)
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone:  (415) 981-3000
Facsimile:  (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiff
Haiqi CHEN

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Haiqi CHEN | Case No. C 07-2462 SC |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| United States Citizenship and Immigration Services ("USCIS"); Department of Homeland Security ("DHS"); Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI") | Date:   November 16, 2007<br>Time:   10:00 a.m. |
| Defendants | |

1

# TABLE OF CONTENTS

2

Page

3    I.    INTRODUCTION ................................................................................................ 1

4    II.    STATEMENT OF FACTS ................................................................................. 3

5    III.    ARGUMENT .................................................................................................... 6

6          A.    THE FBI IS A PROPERLY NAMED DEFENDANT AND SHOULD NOT BE
               DISMISSED BY THIS COURT .............................................................. 6

7

8          B.    DEFENDANTS' ARGUMENT THAT THIS COURT LACKS JURISDICTION
               OVER PLAINTIFF'S CLAIMS UNDER THE APA AND THE MANDAMUS
               STATUTE IS WITHOUT MERIT ............................................................ 7

9

10               1.    Pursuant to the Immigration and Nationality Act and its Implementing
                      Regulations, Defendants Have a Ministerial, Non-Discretionary Duty to
                      Adjudicate Plaintiff's AOS Application ............................................. 9

11

12               2.    The APA Requires That Defendants Must Adjudicate AOS Applications
                      Within a Reasonable Period of Time .............................................. 13

13               3.    In Addition to Defendants' Duty to Adjudicate AOS Applications Within a
                      Reasonable Time Under the APA, 8 C.F.R. § 103.2(b)(18) Establishes
14                     Mandatory Guidelines Regarding the Timeframe and Manner for
                      Withholding Adjudication of AOS Applications ............................... 17

15         C.    8 U.S.C. § 1252(a)(2)(B) DOES NOT BAR THIS COURT'S JURISDICTION
16              OVER PLAINTIFF'S CLAIMS ............................................................ 18

17         D.    DEFENDANTS' ALLUSION TO NATIONAL SECURITY CONCERNS TO
               JUSTIFY THEIR UNREASONABLE DELAY IN ADJUDICATING
18              PLAINTIFF'S AOS APPLICATION IS A RED HERRING .................... 21

19    IV.    CONCLUSION ............................................................................................... 23

20

21

22

23

24

25

26

27

28

i

TABLE OF AUTHORITIES

Page

Federal Cases

Aboushaban v. Mueller, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006) ................................passim

Agbemaple v. INS, 1998 WL 292441 (E.D. Ill. May 18, 1998) .................................................8, 16

Azurin v. Von Raab, 803 F.2d 993 (9th Cir.1986)..........................................................................7

Baker v. Still, 2007 WL 1393750 (N.D. Cal. May 9, 2007) .........................................................8, 20

Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir.1961) ....................................................8

Dmitriev v. Chertoff, 2007 WL 1319533 (N.D. Cal. May 4, 2007) ............................................8, 20

Dong v. Chertoff, -- F. Supp. 2d --, 2007 WL 2601107 (N.D. Cal. Sept. 6, 2007)................passim

Elmalky v. Upchurch, 2007 WL 944330 (N.D. Tex. Mar. 28, 2007) ............................................18

Forest Guardians v. Babbitt, 164 F.3d 1261 (10th Cir.1998).....................................................8, 11

Fu v. Gonzales, 2007 WL 1742376 (N.D. Cal. May 22, 2007) ...................................................passim

Gelfer v. Chertoff, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007) ........................................9, 10, 20

Heckler v. Chaney, 470 U.S. 821 (1985) .........................................................................................15

Kaplan v. Chertoff, 481 F. Supp. 370 (E.D. Pa. Apr. 16, 2007) .........................................1, 6, 7

Kim v. Ashcroft, 340 F. Supp. 2d 384 (S.D.N.Y.2004)....................................................................9

Konchitsky v. Chertoff, 2007 WL 2070325 (N.D. Cal. Jul. 13, 2007) ......................................2, 20

Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004) ..............................................14

Okunev v. Chertoff, 2007 WL 2023553 (N.D. Cal. Jul. 11, 2007)...................................................9

Patel v. INS, 2000 WL 298921 (E.D. Mo. Jan. 20, 2000) ..............................................................18

Patel v. Reno, 134 F.3d 929 (9th Cir. 1997) ..............................................................................7, 11

Pierce v. Underwood, 487 U.S. 552 (1988) ...................................................................................11

Quan v. Chertoff, 2007 WL 1655601 (N.D. Cal. Jun. 7, 2007)..................................................passim

Razaq v. Poulos, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007) ....................................................15, 20

Razik v. Perryman, 2003 WL 21878726 (N.D. Ill. Aug. 7, 2003) .................................................16

Salehian v. Novak, 2006 WL 3041109 (D. Conn. Oct. 23, 2006) ...................................................8

Singh v. Still, 470 F.Supp.2d 1064 (N.D. Cal. Jan. 8, 2007) ...............................................9, 10, 20

ii

1

TABLE OF AUTHORITIES
(continued)

2                                                                 <u>Page</u>

3    <u>Soneji v. DHS</u>, 2007 WL 3101660 (N.D. Cal. Oct. 22, 2007)..................................<u>passim</u>

4    <u>Tang v. Chertoff</u>, 493 F. Supp. 2d 148 (D. Mass. Jun. 26, 2007) ...................9, 16, 17, 22

5    <u>Toor v. Still</u>, 2007 WL 2028407 (N.D. Cal. Jul. 10, 2007)..........................................<u>passim</u>

6    <u>TRAC v. FCC</u>, 750 F.2d 70 (D.C. Cir. 1984) ...............................................................14

7    <u>United States v. Monsanto</u>, 491 U.S. 600 (1989)..........................................................11

8    <u>Wu v. Chertoff</u>, 2007 WL 1223858 (N.D. Cal. 2007) ...................................................20

9    <u>Yu v. Brown</u>, 36 F.Supp.2d 922 (D.N.M.1999).......................................................9, 11

10

11                               <u>Federal Statutes</u>

12   5 U.S.C. § 555(b)....................................................................................8, 10, 14, 20

13   5 U.S.C. § 706(1)...............................................................................................8, 14

14   8 U.S.C. § 1227(a)(1)(A)........................................................................................22

15   8 U.S.C. § 1252(a)(2)(B)...................................................................................<u>passim</u>

16   8 U.S.C. § 1255 .....................................................................................................19

17   8 U.S.C. § 1255(a).......................................................................................2, 10, 13

18   8 U.S.C. § 1255(b)................................................................................................12

19   8 U.S.C. § 1256(a).............................................................................................3, 22

20   8 U.S.C. § 1356(m) ...............................................................................................11

21   8 U.S.C. § 1571(b)................................................................................................13

22   28 U.S.C. § 1361 ...............................................................................................1, 7

23                              <u>Federal Regulations</u>

24   8 C.F.R. § 103.2(a)(1) ...........................................................................................11

25   8 C.F.R. § 103.2(b)(6) ...........................................................................................13

26   8 C.F.R. § 103.2(b)(7) ...........................................................................................13

27   8 C.F.R. § 103.2(b)(8)(i) ........................................................................................13

28   8 C.F.R. § 103.2(b)(12) ..........................................................................................12

iii

TABLE OF AUTHORITIES
(continued)

Page

8 C.F.R. § 103.2(b)(14) ................................................................................................ 12

8 C.F.R. § 103.2(b)(18) ............................................................................................ 17, 18

8 C.F.R. § 103.2(b)(19) ................................................................................................ 11

8 C.F.R. § 245.2(a)(5) ............................................................................................. passim

I.    INTRODUCTION

Plaintiff Haiqi CHEN ("Plaintiff"), through counsel, hereby files his opposition to Defendants' Motion to Dismiss ("Def. Mot. to Dism."). In that motion, Defendants argue: first, that the Federal Bureau of Investigation ("FBI") is not a properly named defendant and should be dismissed; second, that this Court lacks jurisdiction over Plaintiffs' claims under the Administrative Procedures Act ("APA") and the Mandamus Statute (28 U.S.C. § 1361); third, that 8 U.S.C. § 1252(a)(2)(B) bars this Court's jurisdiction over Plaintiffs' claims; and fourth, that national security concerns counsel against this Court finding that it has jurisdiction over Plaintiffs' claims. However, just earlier this week, this Court denied a motion to dismiss in a factually analogous case, finding that it has jurisdiction under both the APA and the Mandamus Statute to hear the plaintiffs'· claims, and that 8 U.S.C. § 1252(a)(2)(B) does not bar its review. See Soneji v. DHS, 2007 WL 3101660 (N.D. Cal. Oct. 22, 2007). As this Court found in Soneji, and consistent with all other courts in this district to consider these issues (to Plaintiff's knowledge), Defendants' arguments in their Motion to Dismiss the instant case are without merit.

First, contrary to Defendants' argument, the FBI is a proper defendant to this action because that agency has a mandatory duty to adjudicate any background or name check request that the United States Citizenship and Immigration Services ("USCIS") makes in conjunction with adjudicating an Application to Adjust Status (Form I-485) ("AOS application"). See Kaplan v. Chertoff, 481 F. Supp. 2d 370, 400-01 (E.D. Pa. Apr. 16, 2007). Because the FBI has that mandatory duty to act (and cannot simply choose to ignore name check requests), the APA requires that the FBI conduct those name check requests within a reasonable period of time. Id. at 401.

Second, there is no merit to Defendants' argument that Plaintiff's action should be dismissed for lack of jurisdiction under the APA and the Mandamus Statute. Contrary to Defendants' assertion, both the Immigration and Nationality Act and its implementing regulations

1

1    provide clear evidence that USICS has a mandatory duty to make a decision on Plaintiff's

2    properly-filed AOS application, and the APA requires that the agency complete its adjudication

3    of that application within a reasonable period of time. See, e.g., 8 U.S.C. § 1255(a); 8 C.F.R. §

4    245.2(a)(5). Defendants attempt to eviscerate this duty by arguing that because the substance of

5    their ultimate decision on an AOS application is discretionary, they do not have a duty to

6    adjudicate the application at all. However, this argument has already been rejected by this Court

7    as well as, to Plaintiff's best knowledge, all of the judges in this district (as well as many more

8    around the country), because it finds absolutely no statutory or regulatory support. See, e.g.,

9    Soneji, 2007 WL 3101660, at *3; Quan v. Chertoff, 2007 WL 1655601, at *2-3 (N.D. Cal. Jun. 7,

10   2007), Dong v. Chertoff, -- F. Supp. 2d --, 2007 WL 2601107, at *4 (N.D. Cal. Sept. 6, 2007); Fu

11   v. Gonzales, 2007 WL 1742376, at *2 (N.D. Cal. May 22, 2007).

12         Third, there is no merit to Defendants' argument that this Court lacks jurisdiction over

13   Plaintiff's claims pursuant to 8 U.S.C. § 1252(a)(2)(B). As this Court and numerous other courts

14   have found, that statutory provision only bars review over a decision or action that is specified

15   under the Immigration and Nationality Act to be in the discretion of the Attorney General or the

16   Secretary of Homeland Security. See 8 U.S.C. § 1252(a)(2)(B)(i). Given that the statute clearly

17   does not grant USCIS the specific discretion not to adjudicate an AOS application at all, 8 U.S.C.

18   § 1252(a)(2)(B) does not bar mandamus jurisdiction to determine whether the agency's delay is

19   unreasonable. See, e.g., Soneji, 2007 WL 3101660, at *2-3; Konchitsky v. Chertoff, 2007 WL

20   2070325, at *3 (N.D. Cal. Jul. 13, 2007); Dong, 2007 WL 2601107, at *3-4; Fu, 2007 WL

21   1742376, at *5; Toor v. Still, 2007 WL 2028407, at *2 (N.D. Cal. Jul. 10, 2007).

22         Finally, Defendants' indication that national security concerns should preclude this Court

23   from asserting jurisdiction to determine the reasonableness of USCIS' delay in adjudicating

24   Plaintiff's AOS application is baseless. If there were truly a national security concern in

2

1  Plaintiff's case, it would seem more prudent for Defendants to <u>expedite</u>, rather than <u>delay</u>,

2  adjudication of his AOS application, as he has now been residing and working lawfully in the

3  United States for over fours years while that application has remained pending. <u>See, e.g., Dong</u>,

4  2007 WL 2601107, at *10. There would also be no prejudice to Defendants if they grant

5  Plaintiff's AOS application and the FBI name check subsequently reveals that he was not

6  eligible, as the Immigration and Nationality Act provides them the mechanism by which to

7  rescind a grant of adjustment of status. <u>See</u> 8 U.S.C. § 1256(a).

9      Thus, this Court should deny Defendants' Motion to Dismiss.

11  II.   <u>STATEMENT OF FACTS</u>

12      Plaintiff is a national of China and a citizen of Canada. <u>See</u> Declaration of Stacey

13  Gartland, filed with this Court on May 8, 2007 ("Gartland Dec.") at ¶ 2. He earned his Bachelor

14  of Science degree in Physics from the University of Science and Technology of China in Hefei,

15  China, his Masters of Science degree in Astrophysics from the Beijing Astronomical Observatory

16  in Beijing, China, and his Ph.D. in Astrophysics from the University of Western Ontario in

17  Ontario, Canada. <u>Id</u>. Plaintiff has worked as a senior level technology project leader for @Road,

18  Inc. in Fremont, California since January 2000. <u>Id</u>.

20      On July 3, 2003, Plaintiff filed an employment-based Adjustment of Status application

21  with the USCIS California Service Center, based on a previously approved Immigrant Petition for

22  Alien Worker (Form I-140) filed by @Road, classifying him as a member of the professions with

23  an advanced degree. <u>Id</u>. at Exh. A. The I-140 Immigrant Petition was approved by the USCIS

24  California Service Center on June 16, 2003. <u>Id</u>.

25      On November 2, 2004, Plaintiff, through counsel, contacted the USCIS California Service

26  Center via electronic mail to inquire about the status of his AOS application. <u>Id</u>. at Exh. B.

27  Plaintiff did not receive a response to this first inquiry. <u>Id</u>. On November 17, 2004, Plaintiff,

3

1  through counsel, again contacted the USCIS California Service Center via electronic mail to

2  inquire about the status of his AOS application. Id. On December 15, 2004, he received a

3  response to this inquiry from Kathleen Bergey, California Service Center Adjudications Officer,

4  stating that his case was undergoing a detailed review. Id.

5

6          On June 14, 2005, with his application still not adjudicated almost two years after Plaintiff

7  had filed it, Plaintiff, through counsel, again contacted the USCIS California Service Center via

8  electronic mail as to inquire about the status of his application. Id. Plaintiff did not receive a

9  response to this inquiry. Id. On July 13, 2005, Plaintiff, through counsel, contacted the USCIS

10  California Service Center via electronic mail for a fourth time to inquire as to the status of his

11  AOS application. Id. Plaintiff again received no response to this inquiry. Id. On December 12,

12  2005, Plaintiff mailed a letter to United States Senator Barbara Boxer to ask for help in

13  determining the status of the "detailed review" of his AOS application, which Plaintiff's lawyer

14  at that time had advised him was likely a reference to a pending FBI name check. Id. at Exh. C.

15

16          On February 10, 2006, Plaintiff called the USCIS National Customer Service Center to

17  inquire about the status of his AOS application for the fifth time. Id. at Exh. D. On March 1,

18  2006, Plaintiff, through counsel inquired for the sixth time about the status of his AOS

19  application, this time by contacting the USCIS via electronic mail. On March 7, 2006, he

20  received a letter from the USCIS California Service Center, stating that the processing of his case

21  had been delayed, and the required investigation into his background remained open. Id. On

22  September 25, 2006, Plaintiff, through counsel, contacted the USCIS California Service Center

23  for the seventh time, again via electronic mail, to inquire as to the status of his AOS application.

24  Id. at Exh. B. On September 26, 2006, T. Le of the USCIS California Service Center confirmed

25  by email that Plaintiff's FBI "background security / name check" had yet to be cleared, and that

26  until it cleared, Plaintiff's AOS application would not be adjudicated. Id.

27

28

4

On June 8, 2006, Plaintiff contacted United States Congressman Pete Stark to ask for assistance in determining the status of his background security check. Id. at Exh. E. On August 16, 2006, Plaintiff received a reply letter from Congressman Stark, stating that according to the FBI, Plaintiff's name check was still pending. Id.

On September 6, 2006, Plaintiff contacted United States Senator Diane Feinstein to ask for help in expediting the completion of his background security check. Id. at Exh. F. On December 8, 2006, Plaintiff received a response from Senator Feinstein's office, stating that it had been informed by the FBI that Plaintiff's FBI name check had been pending since July 31, 2003, and was still pending. Id.

On July 30, 2007, USCIS issued a Request for Evidence to Plaintiff, requesting that Plaintiff submit an updated employer verification letter (presumably because his AOS application had been pending for such a long time), as well as evidence of his employment authorization from September 30, 2003 to the present. See Declaration of Beth Feinberg ("Feinberg Dec") at Exh. A. Plaintiff promptly responded to the Request for Evidence and submitted all requested documentation to USCIS on August 15, 2007.[1] Id. at B*.

The USCIS website shows that as of October 15, 2007, the agency is currently processing employment-based adjustment of status applications that it received on or before December 19, 2006. Id. at Exh. C. This shows that Plaintiff's application is now nearly three and a half years behind normal processing time. Id. Plaintiff has exhausted all available administrative remedies.

[1] In their Motion to Dismiss, Defendants state that "a request for missing evidence" was issued to Plaintiff in July 2007, apparently trying to characterize that request as USCIS' attempt to remedy an incomplete application. See Def. Mot. to Dism. at 4 (emphasis added). In fact, however, this Request for Evidence was for updated documentation of Plaintiff's continued employment due to the fact that Defendants were only getting around to even looking at the application, it appears, four years after the application was filed.

5

Pl. Opp. to Def. Mot. to Dism.                                            No. C 07-2462 SC

III.    ARGUMENT

      A.    THE FBI IS A PROPERLY NAMED DEFENDANT AND SHOULD NOT BE DISMISSED BY THIS COURT

Defendants first argue that this Court should dismiss the FBI as a defendant from this action. See Def. Mot. to Dism. at 5. However, this argument is without merit because the FBI has a mandatory duty to act on a name check that USCIS has ordered in conjunction with adjudicating AOS applications, and the APA requires that the FBI complete that name check within a reasonable period of time, as courts both within this district and around the country have found. See, e.g., Kaplan v. Chertoff, 481 F.Supp.2d 370, 400-01 (E.D. Pa. 2007) (FBI has a mandatory duty to conduct name checks for AOS applications within a reasonable time period); Soneji v. DHS, 2007 WL 3101660, at *6 (N.D. Cal. Oct. 22, 2007) (not dismissing the FBI as a defendant and concluding that the defendants have a "non-discretionary duty to adjudicate Plaintiffs' Application within a reasonable time."); Quan v. Chertoff, 2007 WL 1655601, at *5 (N.D. Cal. Jun. 7, 2007) (same); Fu v. Gonzales, 2007 WL 1742376 at * 6 (N.D. Cal. May 22, 2007) (same). See also Toor v. Still, 2007 WL 2028407 at *3 n. 14 (N.D. Cal. Jul. 10, 2007) (in adjudicating the defendants' motion to dismiss, this Court found that whether the FBI was a proper defendant "need not presently be reached.").

In Kaplan, 481 F. Supp. 2d at 400-01, the court found that the plaintiffs stated a claim against the FBI under the APA because the FBI has a mandatory duty to complete, within a reasonable period of time, the name checks ordered by USCIS in connection with their adjudication of AOS applications. Id. In reaching this conclusion, the court considered legislative intent and found that "it appears clear from a number of Congressional enactments that Congress has imposed a mandatory duty on the FBI to perform background checks in these particular circumstances." Id. at 400. The court

Pl. Opp. to Def. Mot. to Dism.                                          No. C 07-2462 SC

1    specifically noted that Congress expressed this intent by establishing that aliens must

2    submit AOS application fees to USCIS, and a portion of those fees must be paid to the

3    FBI for fingerprint and name checks for the applicant. Id. at 401. The provision of fees

4    to the FBI for those services indicates legislative intent that the FBI has a mandatory

5    duty to actually perform those paid-for services, and the APA requires that the FBI

6    complete its mandatory services within a reasonable period of time. Id. Thus, the court

7    held, as this Court should similarly hold, that the plaintiffs' APA claim against the FBI

8    should not be dismissed. Id.

9

10

11       B.    DEFENDANTS' ARGUMENT THAT THIS COURT LACKS JURISDICTION
              OVER PLAINTIFF'S CLAIMS UNDER THE APA AND THE MANDAMUS
12            STATUTE IS WITHOUT MERIT

13       Defendants raise the same argument in the instant case that this Court has only just

14   recently rejected in Soneji, 2007 WL 3101660, namely that the APA and the Mandamus Statute

15   do not give this Court jurisdiction over Plaintiff's claims.[2] However, as discussed below, that

16   argument is entirely without merit, as this Court, all other courts in this district (to Plaintiff's

17   knowledge), and numerous other courts around the country have found.

18       The Mandamus Act provides that, "[t]he district courts shall have original jurisdiction of

19   any action in the nature of mandamus to compel an officer or employee of the United States or

20   any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a

21   remedy available to compel a federal official to perform a duty if: (1) the individual's claim is

22   clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed

23   as to be free from doubt, and (3) no other adequate remedy is available. Patel v. Reno, 134 F.3d

24   929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986). Plaintiff meets

25

26

27   _____

28       [2] This Court also reached that same holding in Quan v. Chertoff, 2007 WL 1655601 (N.D.
     Cal. Jun. 7, 2007).

                                        7

1   the above test as his claim is clear and certain, Defendants have a duty to adjudicate his AOS

2   application, and no other adequate remedy is available. See Soneji, 2007 WL 3101660 at * 5.

3       In addition, the APA provides that "[w]ith due regard for the convenience and necessity of

4   the parties or their representatives and within a reasonable time, each agency shall proceed to

5   conclude a matter presented to it ...." 5 U.S.C. § 555(b) (emphasis added).  The APA further

6   provides that the federal courts "shall ... compel agency action unlawfully withheld or

7   unreasonably delayed ...." 5 U.S.C. § 706(1) (emphasis added).  As the Tenth Circuit pointed out,

8   the APA prohibits both agency action unlawfully withheld and agency action unreasonably

9   delayed, thereby giving rise to a legally enforceable right to the completion of administrative

10  agency action within a reasonable time, not merely a right to have the agency take some action at

11  all.  See Forest Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir.1998); Deering Milliken,

12  Inc. v. Johnston, 295 F.2d 856, 861 (4th Cir.1961).  Although the Immigration and Nationality Act

13  provides no discrete time period in which the agency must act, courts have concluded that the

14  APA imposes a "reasonable time" constraint in such cases.  See, e.g., Soneji, 2007 WL 3101660

15  at *5 ("[T]he Court finds that Defendants have a nondiscretionary duty to adjudicate Plaintiffs'

16  Applications and this duty must be undertaken within a reasonable amount of time."); Baker v.

17  Still, 2007 WL 1393750 at *2 (N.D. Cal. May 9, 2007) ("Allowing Defendants a limitless amount

18  of time to adjudicate Plaintiff's application "would be contrary to the reasonable time frame

19  mandated under 5 U.S.C. [§] 555(b) and, ultimately, could negate the [USCIS'] duty under 8

20  C.F.R. § 245.2(a)(5).");  Dmitriev v. Chertoff, 2007 WL 1319533, at *3 (N.D. Cal. May 4, 2007);

21  Aboushaban v. Mueller, 2006 WL 3041086 at *2 (N.D. Cal. Oct. 24, 2006); Salehian v. Novak,

22  2006 WL 3041109, at *2 (D. Conn. Oct. 23, 2006); Agbemaple v. INS, 1998 WL 292441, at *2

23  (E.D. Ill. May 18, 1998) ("Congress could not have intended to authorize potentially interminable

24  delays.  We hold that as a matter of law, [plaintiff] is entitled to a decision within a reasonable

8

1    time [on, inter alia, his AOS application], and that it is within the power of the court to order such

2    an adjudication."); Yu v. Brown, 36 F.Supp.2d 922, 928-32 (D.N.M.1999) (applying the APA's

3    reasonable requirement to similar regulatory provisions); Kim v. Ashcroft, 340 F. Supp. 2d 384,

4    391-92 (S.D.N.Y.2004) (same); see also Tang v. Chertoff, 493 F. Supp. 2d 148, 156 (D. Mass.

5    Jun. 26, 2007) ("[T]o defer to agencies on pace of adjudication would be effectively to lift the

6    duty to adjudicate applications altogether."). Thus, because Defendants have a duty to adjudicate

7    Plaintiff's AOS application within a reasonable time, this Court has jurisdiction over Plaintiff's

8    claims under the APA and the Mandamus Statute.

9

10

11            1.      Pursuant to the Immigration and Nationality Act and its Implementing
                      Regulations, Defendants Have a Ministerial, Non-Discretionary Duty to
12                    Adjudicate Plaintiff's AOS Application

13            This Court, as well as numerous judges in the Northern District of California and

14    elsewhere, has held that Defendants have a ministerial, non-discretionary duty to

15    adjudicate properly-filed AOS applications. See, e.g., Soneji, 2007 WL 3101660 ; Quan,

16    2007 WL 1655601; Dong v. Chertoff, -- F. Supp. 2d --, 2007 WL 2601107 (N.D. Cal.

17    Sept. 6, 2007); Okunev v. Chertoff, 2007 WL 2023553 (N.D. Cal. Jul. 11, 2007); Toor,

18    2007 WL 2028407; Fu, 2007 WL 1742376 (N.D. Cal. May 22, 2007); Gelfer v. Chertoff,

19

20    2007 WL 902382 (N.D. Cal. Mar. 22, 2007); Singh v. Still, 470 F.Supp.2d 1064 (N.D.

21    Cal. Jan. 8, 2007); Aboushaban, 2006 WL 3041086. In each of these cases, this Court

22    and other courts in this district have rejected the exact same argument that Defendants

23    again make here – that this Court lacks jurisdiction to review Plaintiff's claims on the

24    ground that the adjudication of AOS applications is a matter committed to USCIS'

25    discretion. See Def. Mot. to Dism. at 6. However, even though the agency's ultimate

26    decision as to whether to grant or deny AOS is a discretionary matter, it is clear that both

27    the statutory and regulatory texts create a ministerial non-discretionary duty to adjudicate

28

9

1    Plaintiff's AOS application one way or another, and to do so within a reasonable time.

2    See Fu, 2007 WL 1742376 at *2 ("[C]ourts have jurisdiction at a minimum under the

3    APA because Defendants have a non-discretionary duty to process the AOS applications

4    within a reasonable time, as distinct from its discretionary authority of whether to grant

5    or deny the application; Gelfer, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007);

6

7    Singh, 470 F.Supp.2d 1064, 1067 (N.D. Cal. Jan. 8, 2007) ("[T]here is a difference

8    between the [USCIS'] discretion over how to resolve an application and the [USCIS']

9    discretion over whether it resolves an application.") (emphasis in original). As this Court

10   stated, "[t]he Court agrees that while the relevant statutes and regulations give the agency

11   the discretion to choose how to decide an application, they nevertheless impose on it a

12   nondiscretionary duty to make such a decision. Soneji, 2007 WL 3101660, at *3

13   (emphasis in original). In fact, Defendants themselves agree that "USCIS must

14   eventually notify an applicant of its decision on a I-485 application" – thereby effectively

15   conceding that the agency does have a duty to adjudicate an AOS application at some

16

17   point. See Def. Mot. to Dism. at 7. And, if there is a duty to adjudicate at some point,

18   then the adjudication must take place within a reasonable time. See 5 U.S.C. § 555(b);

19   see also Soneji, 2007 WL 3101660 at *4; Quan, 2007 WL 1655601 (N.D. Cal. Jun. 7,

20   2007).

21

22        The Immigration and Nationality Act provides that an individual may apply for

23   permanent residency if 1) he has been inspected and admitted or paroled into the United

24   States; 2) he is eligible to receive an immigrant visa and is admissible to the United States

25   for permanent residence; and 3) an immigrant visa is immediately available to him at the

26   time his application is filed. 8 U.S.C. § 1255(a). The implementing regulations provide

27   that:

28

10

1
2
3

The applicant <u>shall</u> be notified of the decision of the director and, if the application is denied, the reasons for the denial... If the application is approved, the applicant's permanent residence <u>shall</u> be recorded as of the date of the order approving the adjustment of status.

4    8 C.F.R. § 245.2(a)(5) (emphasis added).  <u>See also</u> 8 C.F.R. § 103.2(b)(19) ("An

5    applicant or petitioner <u>shall</u> be sent a written decision on his or her application, petition,

6    motion, or appeal.") (emphasis added).

7        The Supreme Court has established that the use of the term "shall" constitutes a

8    <u>mandatory duty</u> upon the subject of the command.  As the Tenth Circuit has explained:

9
10   "'Shall' means shall. The Supreme Court and this circuit have made clear that when a

11   statute uses the word 'shall,' Congress has imposed a mandatory duty upon the subject of

12   the command." <u>Forest Guardians</u>, 164 F.3d at 1268, <u>citing</u> <u>United States v. Monsanto</u>,

13   491 U.S. 600, 607 (1989) (by using "shall" in civil forfeiture statute, "Congress could not

14   have chosen stronger words to express its intent that forfeiture be mandatory in cases

15   where the statute applied"); <u>Pierce v. Underwood</u>, 487 U.S. 552, 569-70 (1988)

16   (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language")..

17
18   <u>See</u> <u>also</u> <u>Patel v. Reno</u>, 134 F.3d 929, 933 (9th Cir. 1997) (agency has a duty to act on

19   pending visa petition based on the requirements of the Immigration and Nationality Act

20   and its implementing regulations); <u>Aboushaban</u>, 2006 WL 3041086, at *1-2 (agency has

21   a duty to adjudicate application for adjustment of status); <u>Yu</u>, 36 F. Supp. 2d at 931-32

22   (holding that the INS owed plaintiff a duty to process her application for a change of her

23   status to permanent resident)

24
25       Defendants' duty to adjudicate AOS applications is also apparent in Congress'

26   imposition of a mandatory fee specifically to cover the cost of adjudicating those

27   applications, <u>see</u> 8 U.S.C. § 1356(m), which USCIS only recently raised from $ 305.00 to

28   $ 905.00.  <u>See</u> 72 Fed. Reg. 29851 (May 30, 2007).  <u>See also</u> 8 C.F.R. §§ 103.2(a)(1),

11

Pl. Opp. to Def. Mot. to Dism.                                          No. C 07-2462 SC

1    (a)(7) (providing for non-refundable AOS adjudication fee).[3]  In addition, Defendants'

2    duty to adjudicate properly-filed AOS applications may also be found in the statutory and

3    regulatory provisions regarding how the agency's decisions must be issued.  For example,

4    8 U.S.C. § 1255(b) requires USCIS to record when an alien has been lawfully admitted

5    for permanent residence "upon approval" of an AOS application, implicitly requiring that

6    those applications be adjudicated (to determine which ones should be recorded as

7    approved).

8

9         Likewise, the regulations also implicitly require that USCIS adjudicate all AOS

10   applications by providing mandatory procedures for notifying the applicant of the

11   agency's decision and recording that decision.  See, e.g., 8 C.F.R. § 245.2(a)(5)(i) ("The

12   applicant shall be notified of the decision of the director and, if the application is denied,

13   the reasons for the denial."); 8 C.F.R. § 245(a)(5)(ii) ("If the application is approved, the

14   applicant's permanent residence shall be recorded as of the date of the order approving

15   the adjustment of status.").  See also Fu, 2007 WL 1742376 at *3 (recognizing that

16   USCIS has a duty under 8 C.F.R. 245.2(a)(5) to notify the applicant of the decision and to

17   record the applicant's permanent residence if the AOS application is approved).  Other

18   regulations imply Defendants' duty to adjudicate AOS applications by mandating how

19   certain applications must be decided.  See, e.g., 8 C.F.R. § 103.2(b)(12) ("An application

20   or petition shall be denied where any application or petition upon which it was based was

21   filed subsequently."); 8 C.F.R. § 103.2(b)(14)[4] (where an AOS applicant fails to submit

---

25   [3] In asserting that they do not have a duty to adjudicate AOS applications, Defendants are
26   essentially arguing that aliens must pay $ 905.00 to USCIS for the possibility that their AOS
     applications might be adjudicated.  That argument is untenable.

27   [4] This regulatory provision also mandates how an AOS application must be decided where
28   an applicant requests a decision before all required evidence is submitted.  See 8 C.F.R. §
     103.2(b)(14).  In light of USCIS' duty to adjudicate incomplete applications in a certain manner,

12

1  all requested additional evidence or fails to appear for a required fingerprinting or

2  interview, that "shall result in the denial of the related application or petition."); see also

3  8 C.F.R. § 103.2(b)(8)(i) (where approval or denial is mandated vis a vis an AOS

4  applicant's response to a request for evidence).  Still other regulations mandate the steps

5  Defendants must take to adjudicate AOS applications.  See, e.g., 8 C.F.R. § 103.2(b)(6);

6

7  103.2(b)(8)(ii)-(iv); 103.3(a)(1); 103.2(b)(16); 245.2(a)(5).  Clearly, given that

8  Defendants have numerous statutory and regulatory duties regarding how they adjudicate

9  AOS applications, it must be inferred that they have a clearly established duty to

10  adjudicate those applications in the first place.[5]  See Toor, 2007 WL 2028407 at *2 ("8

11  U.S.C. § 1255(a) grants the Attorney General discretion over whether to grant or deny an

12  application for adjustment, not whether to adjudicate the application.  Code regulations

13

14  clearly contemplate that a decision will be made on each I-485 application and that the

15  applicant will be informed thereof."), citing 8 C.F.R. § 245.2(a)(5)(i).

16

17          2.     The APA Requires That Defendants Must Adjudicate AOS Applications
   Within a Reasonable Period of Time

18       Section 555(b) of the APA explicitly requires that that an agency must perform a

19  mandatory action within a reasonable period of time, regardless of whether the

20  underlying statute or regulations impose specific time frames.[6]  See Fu, 2007 WL

21

22  _____

   USCIS must clearly have a duty to adjudicate complete applications as well.

23

24  [5] Defendants' citation to regulatory provisions that reference USCIS' discretion in how it
   adjudicates AOS applications fails to rebut Plaintiff's argument that USCIS has a clear to

25  adjudicate those applications.  See Def. Mot. to Dism. at 6, citing 8 U.S.C. § 1255(a); 8 C.F.R. §§
   103.2(b)(7), 103.2(b)(18), 245.6.  In fact, these regulations provide for exceptions to the standard

26  adjudication process, only further refuting Defendants' argument that they have no duty to
   adjudicate at all.

27

28  [6] In addition, although not a mandatory deadline, 8 U.S.C. § 1571(b) provides that: "It is
   the sense of Congress that the processing of an immigration benefit application should be
   completed not later than 180 days after the initial filing of the application."  This indicates that

Pl. Opp. to Def. Mot. to Dism.                                      No. C 07-2462 SC

1742376 at *3 ("[T]o allow the USCIS a limitless amount of time to adjudicate

petitioner's application would be contrary to the 'reasonable time' frame mandated under

5 U.S.C. § 555(b)...."); see also TRAC v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (providing

a non-exhaustive list of multiple factors to consider when determining the reasonableness

of agency delay, most of which did not contemplate a Congressional time table for

agency action); Forest Guardians, 174 F.3d at 1190 ("In the absence of any clear statutory

guidance…, if an agency has no concrete deadline establishing a date by which it must

act, and instead is governed only by general timing provisions-such as the APA's general

admonition that agencies conclude matters presented to them "within a reasonable time,"

see 5 U.S.C. § 555(b) – a court must compel… action that is delayed unreasonably.").

When reviewing agency action, the APA clearly provides that courts should first consider

all evidence and make a determination as whether the agency's delay in adjudicating an

AOS application is reasonable (5 U.S.C. § 555(b)); and second, if the court determines

that the agency's action is "unreasonably delayed," then compel the agency to act, i.e. to

make a decision one way or another (5 U.S.C. § 706(1)).[7]

    This Court has already flatly rejected Defendants' argument that this Court lacks a

"meaningful standard" against which to review the agency's discretion because there are no

---

Congress did, in fact, intend for the agency to adjudicate AOS applications within a reasonable period of time.

[7] Defendants' mischaracterize the Supreme Court's decision in Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004), by stating that the Court held that courts have jurisdiction under APA § 706(a) only where the agency's time period to act is proscribed by law. Def. Mot. to Dism. at 5-6. That is not correct. Rather, the Court held that "the only agency action that can be compelled under the APA is action legally required." Norton, 542 U.S. at 63-64. In Soneji, this Court rejected Defendants' argument that, under the reasoning in Norton, USCIS is not required to adjudicate AOS applications. 2007 WL 3101660, at *3. In fact, this Court stated that "[s]uch an interpretation not only pushes the bounds of common sense but is also contradicted by a wealth of authority from this and other districts." Id.. Likewise, in the instant case, as discussed above, Defendants are legally required to adjudicate Plaintiff's AOS application.

14

Congressionally-established mandatory time frames for adjudication of AOS applications. See Soneji, 2007 WL 3101660 at *4; see also § III.D, infra; Def. Mot. to Dism. at 6-7, quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985).[8] This Court has further rejected Defendants' argument that this Court would be forced to "create a temporal standard from thin air," which would be a "perilous task given the national security considerations" for Courts to determine the reasonableness of an adjudication delay. See Soneji, 2007 WL 3101660 at *4; see also Def. Mot. to Dism. at 6-7 As this Court held in Soneji, consistent with numerous other courts to consider this issue, there would be no need to "create a temporal standard from thin air" because the APA's reasonableness standard provides the requisite "meaningful standard" under which this Court reviews the agency's delay in adjudication  See 2007 WL 3101660 at *4; citing, inter alia, Razaq v. Poulos, 2007 WL 61884, at *4 (N.D. Cal. Jan. 8, 2007) (holding that the APA reasonableness standard applies "when Congress imposes a duty but does not articulate a specific time frame within which that duty must be honored."); Aboushaban, 2006 WL 3041086, at *2 ("[T]he government has a duty to adjudicate plaintiff's application within a reasonable time."); Yu, 36 F. Supp. at 931-32 ("Defendants fail to comprehend that the APA

---

[8] In Heckler, 470 U.S. at 821-22, the Supreme Court held that courts do not have jurisdiction under the APA to review the Food and Drug Administration's ("FDA") decision not take certain enforcement actions because the substance of that decision is committed to agency discretion. Id. at 821-22. The Court further held that courts can only review agency action if there is a "meaningful standard against which to judge the agency's exercise of discretion." Id. at 830. As discussed in this section, contrary to Defendants' argument, the APA's reasonableness standard provides the requisite "meaningful standard" in order to review the agency's delay in adjudication. See Soneji, 2007 WL 3101660 at *4. Moreover, in Heckler, the Court explicitly stated that "[t]he general exception to reviewability provided by § 701(a)(2) remains a narrow one, …but within that exception are included agency refusals to institute investigative or enforcement proceedings, unless Congress has indicated otherwise." Id. at 838. Here, Plaintiff is not challenging the substance of any decision (such as an agency refusal, as in Heckler), but rather is seeking for this Court to compel Defendants only to adjudicate his AOS application in the first place. Applying the Supreme Court's decision in Heckler to the instant case, even if the decision as to whether to grant or deny an AOS application is committed to agency discretion, the decision as to whether to adjudicate that application at all is not. See Soneji, 2007 WL 3101660, at * 3-4.

Pl. Opp. to Def. Mot. to Dism.                                                    No. C 07-2462 SC

1    itself imposes on them the duty to complete Plaintiff's application within a reasonable time.");

2    Iddir, 301 F.3d at 500; Razik v. Perryman, 2003 WL 21878726, at *2 (N.D. Ill. Aug. 7, 2003);

3    Agbemaple, 1998 WL 292441, at *2 ("as a matter of law, [Plaintiff is entitled to a decision

4    within a reasonable time."). As the court explained in Tang:

5

6              It is not necessary in this case to locate the exact position of the
               boundary between reasonable and unreasonable time for adjudication of
7              permanent residency applications. Wherever that line may fall, this case
               is far to the "unreasonable" side. It has taken over four years and
8              counting for the government simply to acknowledge what is already
               known to them, to plaintiffs, and to the Court: that there are no FBI
9              records pertaining to Tang.

10   Tang, 493 F. Supp. 2d at 157-58 (emphasis added).

11          This Court should thus find that because Defendants have a ministerial, non-

12   discretionary duty to adjudicate Plaintiff's AOS application, this Court has jurisdiction to

13   determine, on the merits, whether Defendants' delay – which is now over four year and

14
     counting – in adjudicating Plaintiff's AOS application is reasonable.
15

16          Finally, Defendants' argument that this Court should not grant Plaintiff's writ of

17   mandamus as that would allow AOS applicants who seek mandamus relief to unfairly "cut in

18   line" ahead of those who do not pursue relief in District Court was recently squarely rejected

19   by Hon. Saundra Brown Armstrong in Dong v. Chertoff, -- F. Supp. 2d --, 2007 SL 2601107,

20   at *11 (N.D. Cal. Sept. 6, 2007) ("The Court does not find this argument compelling."). In

21
     Dong, Judge Armstrong reasoned that the plaintiffs, whose AOS applications had been pending
22
     for approximately two years, had more than "waited their turn" and required mandamus relief
23
     in order to be "placed back in the queue" so that their AOS applications might finally be
24
     adjudicated. Id. at *12. Judge Armstrong likewise rejected the defendants' argument (that
25
     Defendants also raise in the instant case), that granting mandamus to the plaintiffs in Dong
26
     might open the floodgates to immigration-related mandamus litigation. As Judge Armstrong
27

28

                                                  16

1   stated, "the fact that other individuals similarly deprived of their rights to have their

2   applications processed according to the law may seek redress is hardly a reason to withhold

3   relief that is legally warranted. … The ancillary concerns raised by the defendants therefore do

4   not obviate the plaintiffs' right to have their applications for adjustment of status processed."

5   Id.

6

7           3.    <u>In Addition to Defendants' Duty to Adjudicate AOS Applications Within a</u>
                  <u>Reasonable Time Under the APA, 8 C.F.R. § 103.2(b)(18) Establishes</u>
8                 <u>Mandatory Guidelines Regarding the Timeframe and Manner for</u>
                  <u>Withholding Adjudication of AOS Applications</u>
9

10          Moreover, as Judge Armstrong recently held in denying a similar motion to

11  dismiss, in addition to the APA's reasonableness standard, 8 C.F.R. § 103.2(b)(18)

12  "imposes a non-discretionary duty upon the defendants with a specific framework for

13  both the timing and manner of withholding adjudication of adjustment of residency

14  status." <u>Dong</u>, 2007 WL 2601107, at * 6.  The regulation provides:

15          A district director may authorize withholding adjudication of a visa
            petition or other application <u>if</u> the district director determines that an
16          investigation has been undertaken involving a matter relating to
            eligibility or the exercise of discretion, where applicable, in connection
17          with the application or petition, <u>and</u> that the disclosure of information to
            the applicant or petitioner in connection with the adjudication of the
18          application or petition would prejudice the ongoing investigation. <u>If</u> an
            investigation has been undertaken and has not been completed within
19          one year of its inception, the district director <u>shall</u> review the matter and
            determine whether adjudication of the petition or application should be
20          held in abeyance for six months or until the investigation is completed,
            whichever comes sooner. <u>If</u>, after six months of the district director's
21          determination, the investigation has not been completed, the matter <u>shall</u>
            be reviewed again by the district director and, <u>if</u> he/she concludes that
22          more time is needed to complete the investigation, adjudication may be
            held in abeyance for up to another six months. <u>If</u> the investigation is not
23          completed at the end of that time, the matter <u>shall</u> be referred to the
            regional commissioner, who may authorize that adjudication be held in
24          abeyance for another six months. Thereafter, <u>if</u> the Associate
25          Commissioner, Examinations, with the concurrence of the Associate
            Commissioner, Enforcement, determines it is necessary to continue to
26          withhold adjudication pending completion of the investigation, he/she
            <u>shall</u> review that determination every six months.
27

28

                                            17
    Pl. Opp. to Def. Mot. to Dism.                              No. C 07-2462 SC

8 C.F.R. § 103.2(b)(18).  This regulation clearly mandates action on the part of the

agency and, alternatively,  requires that the agency take several affirmative steps if action

is to be withheld, none of which Defendants assert are present in the instant case.[9]  See

Dong, 2007 WL 2601107, at *7.  As this Court concluded in Dong, "[t]he procedural

requirements specified in this regulation ensure that some timely decision is made or

action taken on these applications…. If the USCIS has failed to comply with 8 C.F.R. §

103.2(b)(18), then this Court has subject matter jurisdiction under either the APA, the

mandamus statute, or both, to compel an agency action unlawfully withheld."  Id.  Thus,

in addition to the reasonableness standard under the APA, 8 C.F.R. § 103.2(b)(18)

provides a regulatory mandate for a timeline within which USCIS must adjudicate

Plaintiffs' AOS application.

Thus, pursuant to the APA and the mandamus statute, this Court clearly has

jurisdiction over Plaintiff's claims.


C.    8 U.S.C. § 1252(a)(2)(B) DOES NOT BAR THIS COURT'S JURISDICTION
      OVER PLAINTIFF'S CLAIMS

Contrary to Defendants' argument, 8 U.S.C. § 1252(a)(2)(B) does not bar this Court from

jurisdiction over Plaintiff's claims because, under the plain terms of the statute, courts lack

review only over a "decision or action of the Attorney General or the Secretary of Homeland

Security" where that decision or action "is specified under this subchapter to be in the discretion

---

[9] Because Defendants have not asserted that the agency has delayed adjudication pursuant to 8 C.F.R. § 103.2(b)(18), this regulation only evidences that Defendants have a regulatory duty to act, and fails to provide any justification for the agency's delay in adjudicating Plaintiff's AOS application.  See, e.g., Toor, 2007 WL 2028407, at *2 (N.D. Cal. 2007) ("Since defendants provide no evidence to suggest that plaintiff's application is being withheld pursuant to section 103.2(b)(18), its provisions are inapplicable."); Elmalky v. Upchurch, 2007 WL 944330, at *4 (N.D. Tex. Mar. 28, 2007) (same); Patel v. INS, 2000 WL 298921, at *2 n.3 (E.D. Mo. Jan. 20, 2000) (same).

18

of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).

Here, Plaintiffs seek mandamus relief not because of any "decision or action" of Defendants, but

rather because of their <u>complete failure to act at all</u>, which it is not within their discretion to do.

Defendants' failure to adjudicate an application is clearly not "specified" under 8 U.S.C. § 1255

(the statutory provision governing adjustment of status applications) and, therefore, this Court

has jurisdiction to determine whether the agency's delay in acting was reasonable under the

APA.  <u>See, e.g.</u>, <u>Fu</u>, 2007 WL 1742376 at *5 (finding that the government lacks the discretion to

simply not adjudicate an AOS application at all because "the discretion giving rise to the

jurisdictional bar must be 'specified' by statute").

      This Court and other courts in this judicial district have held that they have jurisdiction to

consider mandamus actions in cases where, as here, the government has failed to adjudicate an

AOS application within a reasonable amount of time.  <u>See, e.g.</u>, <u>Soneji</u>, 2007 WL 3101660 at *2-

3.  In <u>Dong</u>, 2007 WL 2601107 at *3-4, for example, Judge Armstrong denied the defendants'

motion to dismiss for lack of jurisdiction, flatly rejecting their argument that 8 U.S.C. §

1252(a)(2)(B) bars judicial review over a mandamus action brought by an alien seeking to have

his AOS application adjudicated.  In that case, the alien had filed an AOS application with

USCIS, which remained pending for nearly two years because the FBI name check had not yet

been completed.  <u>Id</u>. at *1.  As in the instant case, in <u>Dong</u>, the defendants filed a motion to

dismiss arguing, <u>inter alia</u>, that this Court lacked jurisdiction to review the alien's claims under

the APA and the mandamus statute, pursuant to 8 U.S.C. § 1252(a)(2)(B), because the

defendants' duty to adjudicate the AOS application was discretionary.  <u>Id</u>. at *3.  The Court

rejected that argument and found that 8 U.S.C. § 1252(a)(2)(B) did not bar its jurisdiction,

reasoning that:

      This issue has come before the Northern District of California at least nine
      previous times in recent months (ten if an analogous examination of an I-130

19

1    application is counted), and in each instance, the position advanced by the
2    government has been rejected and an obligation to process such applications
     in a reasonable period of time has been found.

3    Id. at *4. See also Konchitsky v. Chertoff, 2007 WL 2070325, at *3 (N.D. Cal. 2007)

4    ("[D]efendants have a nondiscretionary duty to act upon plaintiffs' I-485 application and

5    plaintiff has a right to have his application processed"); Toor, 2007 WL 2028407, at *2
6
7    (N.D. Cal. 2007) ("8 U.S.C. § 1255(a) grants the Attorney General discretion over whether

8    to grant or deny an application for adjustment, not whether to adjudicate the application");

9    Fu, 2007 WL 1742376, at *2 (N.D. Cal. 2007) ("This Court concludes that… Defendants

10   have a non-discretionary duty to process the [AOS] applications within a reasonable time,

11   as distinct from its discretionary authority of whether to grant or deny the applications");
12
13   Dmitriev, 2007 WL 1319533, at *3 (N.D. Cal. 2007) ("USCIS has a statutory duty to

14   adjudicate I-485 applications within a reasonable time."); Wu v. Chertoff, 2007 WL

15   1223858, at *3 (N.D. Cal. 2007) ("[T]aken together, the APA, the INA, and [8 C.F.R. §

16   245.2(a)(5) ] establish a clear and certain right to have immigration status adjustments

17   adjudicated, and to have them adjudicated within a reasonable time frame"); Baker v. Still,

18   2007 WL 1393750, at *2 (N.D. Cal. 2007) (denying the defendants' motion to dismiss for

19   lack of jurisdiction and finding that the defendants have a statutorily prescribed duty "to
20
21   adjudicate Plaintiff's application 'within a reasonable time' under 5 U.S.C. § 555(b).");

22   Gelfer, 2007 WL 902382, at *2-3; Singh, 470 F. Supp. 2d at 1067 ; Aboushaban, 2006 WL

23   3041086, at *2; Razaq, 2007 WL 61884, at *3 (USCIS has a mandatory duty to adjudicate

24   an I-130 application within a reasonable period of time).

25        Thus, as this Court has repeatedly held, 8 U.S.C. § 1252(a)(2)(B) does not bar this

26   Court's jurisdiction over Plaintiff's claims.[10]

27
_____

28
          [10] Plaintiff acknowledges, as Defendants point out, that a few courts have found either that

                                              20

1

2        D.    DEFENDANTS' ALLUSION TO NATIONAL SECURITY CONCERNS TO
              JUSTIFY THEIR UNREASONABLE DELAY IN ADJUDICATING
3             PLAINTIFF'S AOS APPLICATION IS A RED HERRING

4        Finally, Defendants indicate that "national security considerations" counsel finding that

5    this Court lacks jurisdiction to review USCIS' delay in adjudicating AOS applications under the

6    APA and the Mandamus Statute. See Def. Mot. to Dism. at 7. However, in raising security in

7    this context, Defendants are merely putting forward a red herring to shield their unreasonable

8    delays from any judicial scrutiny. There is no merit to their argument that this Court's review

9
     of adjudication delay might adversely impact the national security.
10

11       First, this argument is baseless because, if anything, the national security is put at risk by

12   delaying the adjudication of name checks that are allegedly designed identify persons who pose

13   a security threat. In a declaration attached to Defendants' Motion to Dismiss, the Director of

14   the USCIS Nebraska Service Center, F Gerard Heinauer, asserts that "the public safety requires

15   USCIS to make certain that the checks have been done before it adjudicates any application or

16   petition and before it issues any immigration status documents to such persons." See Def. Mot.

17   to Dism., Declaration of F Gerard Heinauer at 7. Mr. Heinauer makes reference to "the terrorist

18   attacks of September 11, 2001" and the resulting "need to conduct more rigorous and thorough

19
20   background checks on aliens who are seeking immigration status in the United States." In fact,

21   however, if there was an actual national security concern in Plaintiff's case, it would seem more

22   logical for Defendants to expedite his name check, rather than simply evoking security concerns

23   generally in order to justify the unreasonable delay. See Dong, 2007 WL 2601107, at *10

24   (calling the defendants' allusion to national security concerns a "red herring" because "[t]he

25
26   plaintiffs are currently living and working in the United States. If there is some legitimate

27   the APA does not impose a mandatory duty to adjudicate and to do so in a reasonable time, or
     that jurisdiction is barred under § 1252(a)(2)(B). See, e.g., Def Motion at 6-10 and cases cited
28   therein. However, as far as Plaintiff is aware, all courts in this judicial district have held to the
     contrary, as Judge Armstrong pointed out in Dong. See Dong, 2007 WL 2601107, at *4 n.7.

                                           21

Pl. Opp. to Def. Mot. to Dism.                                          No. C 07-2462 SC

national security concern with them or other applicants currently living and working in the

country, this surely militates in favor of prompt security checks, not in favor of delay."); <u>Toor</u>,

2007 WL 2028407 at *2 ("[C]onsidering the fact that most applicants will be physically present

in the United States, [a lengthy delay] seems antithetical to national security interests."); <u>Tang</u>,

493 F. Supp. 2d at 158 ("As plaintiffs point out, they are already living and working in the

United States while the application is pending.").  Plaintiff's AOS application has been pending

for <u>over four years</u>, during which time he has been lawfully residing and working in the United

States.  As the courts found in all the above-cited cases, national security interests warrant

<u>hastening</u> the processing of name checks for AOS applications, not <u>delaying</u> it.

      Moreover, even if an FBI name check ultimately revealed derogatory information on an

alien after she or he had been granted adjustment of status, the Immigration and Nationality Act

allows the government to charge that person as removable under 8 U.S.C. § 1227(a)(1)(A), and

to rescind that grant of adjustment of status under 8 U.S.C. § 1256(a).  Pursuant to 8 U.S.C. §

1227(a)(1)(A), "[a]ny alien who at the time of... adjustment of status was within one or more of

the classes of aliens inadmissible by the law existing at such time is deportable."  Pursuant to 8

U.S.C. § 1256(a), if within five years after a person has adjusted status "it shall appear to the

satisfaction of the Attorney General" that she or he was not, in fact, eligible to adjust status at

that time, "the Attorney General shall rescind the action taken granting an adjustment of status

to such person...."  Thus, ordering Defendants to adjudicate AOS applications within a

reasonable time presents no prejudice to them because even if the results of an FBI name check

later reveal that the approval of an AOS application was in error, Defendants have the statutory

authority to rescind that grant of lawful permanent residency within five years.  <u>See</u> <u>Tang</u>, 493

F. Supp. 2d at 158 ("Further, if the government adjusts Tang's status in error due to haste (if

performing a 72-hour check within four years can be called "haste"), the INA allows it to

22

1   rescind the status and initiate removal proceedings on the basis that he was inadmissible at the

2   time of admission.").  By contrast, Plaintiff is prejudiced by Defendants' unreasonable delay in

3   adjudicating his AOS application as he has now been denied the benefits of lawful permanent

4   residency, despite his undisputed eligibility, for over four years and counting

5

6   IV.    CONCLUSION

7          For all the foregoing reasons, Plaintiff respectfully requests that this Court deny

8   Defendants' Motion to Dismiss.

9

10  DATED:   October 26, 2007              Respectfully submitted,

11

12                                      _____/s/_____
                                        MARC VAN DER HOUT
13                                      Van Der Hout, Brigagliano & Nightingale, LLP
                                        Attorneys for Petitioners
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pl. Opp. to Def. Mot. to Dism.                                  No. C 07-2462 SC