Marc Van Der Hout (California Bar # 80778)
Stacey L. Gartland (California Bar #184694)
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone:  (415) 981-3000
Facsimile:  (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiff
Haiqi CHEN

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Haiqi CHEN<br><br>    Plaintiff,<br><br>    v.<br><br>United States Citizenship and Immigration Services ("USCIS"); Department of Homeland Security ("DHS"); Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI")<br><br>    Defendants. | Case No. C 07-2462 SC<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Defendants' motion to dismiss came on for hearing before this Court on November 16, 2007.  Plaintiff Haiqi CHEN ("Plaintiff") filed a petition for writ of mandamus based on Defendants' delay in adjudicating his employment-based Application to Adjust Status (Form I-485) ("AOS application"), which has been pending for over four years, since July 3, 2003.  It is undisputed that Plaintiff's AOS application has not yet been adjudicated because the Federal Bureau of Investigation ("FBI") name check in his case is still pending.

Defendants first argue that the FBI should be dismissed as a party from this action because it is not a proper defendant.  This Court rejects Defendants' argument, and finds that the FBI is a proper defendant because it has a mandatory duty to adjudicate name check requests made by Defendant United States Citizenship and Immigration Services ("USCIS") and, pursuant to the Administrative Procedures Act ("APA"), must complete those requests within a "reasonable time."  5 U.S.C. § 555(b).

Defendants also argue that this Court lacks jurisdiction under the APA and the Mandamus Statute (28 U.S.C. § 1361) over Plaintiff's claims.  This argument runs counter to every court in this district that has considered the issue, including this Court.  Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986).  This Court finds that both the Immigration and Nationality Act, and its implementing regulations, create a mandatory and non-discretionary duty that Defendants must adjudicate pending AOS applications.  See  8 U.S.C. § 1255(a); 8 C.F.R. § 245.2(a)(5).  This Court further finds that the Administrative Procedures Act ("APA") requires that such applications be adjudicated within a "reasonable time." 5 U.S.C. §  555(b).  This Court, therefore, has jurisdiction to consider whether

1

[Proposed] Order Denying Def.'s Mot. to Dism.                                                  No. C 07-2462 SC

Defendants' over four year delay in adjudicating Plaintiff's AOS application is reasonable. See Soneji v. DHS, 2007 WL 3101660, at * 5 (N.D. Cal. Oct. 22, 2007) (finding that this Court has jurisdiction to consider plaintiffs' mandamus action, which is based on their AOS applications that have been pending for three-and-a-half years).

Finally, Defendants argue that this Court is barred from reviewing Plaintiff's claims under 8 U.S.C. § 1252(a)(2)(B). Again, this runs counter to this Court's prior holding, as well as to the holdings reached by other courts in this judicial district to consider this issue. See, e.g., id. at *2-3; Dong v. Chertoff, -- F. Supp. 2d --, 2007 WL 2601107, at *3-4 (N.D. Cal. Sept. 6, 2007). Pursuant to 8 U.S.C. § 1252(a)(2)(B), courts lack jurisdiction to review a "decision or action of the Attorney General or the Secretary of Homeland Security" where that decision or action "is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Here, although Defendants have discretion as to whether to grant or deny AOS applications, they do not have the discretion not to adjudicate them at all. See 8 U.S.C. § 1255 (Immigration and Nationality Act provision governing AOS applications). Thus, this Court has jurisdiction to determine whether the agency's delay in acting was reasonable under the APA.

After considering Defendants' motion to dismiss, Plaintiff's opposition to that motion, arguments of counsel, and all other matters presented to this Court, it is HEREBY ORDERED THAT Defendants' motion to dismiss be and hereby is DENIED.

Dated: _____
United States District Judge
Samuel Conti

2

[Proposed] Order Denying Def.'s Mot. to Dism.    No. C 07-2462 SC